Sherry PLOUNT and Frank Williams, on behalf of themselves and all others similarly situated, Plaintiffs,

v.

AMERICAN HOME ASSURANCE COMPANY, INC., Dealer Choice Automotive Planning Inc., Jesus A. Soto, Losas Brokerage, Dante C. Senise, John Senise, American Physical Damage Plan & Purchasing Group, Inc., d/b/a American Auto Plan, Senise Brokerage Inc., DCAP Agency Inc., AMT Motor Club Inc. and Auto Care Institute Inc., Defendants.

No. 87 Civ. 2002 (RWS).

United States District Court, S.D. New York.

Aug. 7, 1987.

Glatzer & Belovin, P.C., Bronx, N.Y., for plaintiffs; William Kirchhofer, of counsel.

Rosner & Goodman, New York City, for defendants Dante C. Senise, John Senise, American Physical Damage Plan & Purchasing Group, Inc., d/b/a American Auto Plan and Senise Brokerage; Andrew J. Goodman, Marianne F. Murray, of counsel.

## OPINION

SWEET, District Judge.

In this class action fraud case, a civil RICO action has been alleged as a basis of federal jurisdiction, and the defendants have moved pursuant to Fed.R.Civ.P. 12(b)(6) and 9(b) for an order dismissing the complaint. For the reasons set forth below, the motion is granted and the complaint dismissed.

### Facts

On a motion to dismiss for failure to state a claim upon which relief can be granted, the facts as alleged in the complaint must be taken as true. In essence, plaintiffs Sherry Plount ("Plount") and Frank Williams ("Williams") allege that the defendants Jesus Soto, Losas Brokerage, Dante Senise, John Senise, Senise Brokerage, DCAP Agency, Dealer Choice Automotive Planning Inc, American Home Assurance Co., AMT Motor Club, Auto Care Institute and American Physical Damage Plan & Purchasing Group Inc., d/b/a American Auto Plan ("defendants") advertised and sold to them and similarly situated class members what defendants said was auto insurance. However, what the defendants were selling as insurance had not been approved by the State of New York Insurance Department, and the defendants were unlicensed to sell it, and as a result, what the plaintiffs purchased was not auto insurance at all. The defendants have refused to return to plaintiffs the premiums collected.

The only claimed basis for federal jurisdiction is federal question jurisdiction, 28 U.S.C. § 1331, conferred pursuant to an alleged violation of the Racketeer Influenced and Corrupt Organizations Act, Pub.L. No. 91–452 Tit. IX, 84 Stat. 941 (codified as amended at 18 U.S.C. §§ 1961–68) ("RICO").

### Discussion

The main issue in this case is the pleading requirements for civil RICO cases. Defendants have attacked the RICO claim for both failure to state a claim and failure to plead certain of the predicate acts with sufficient particularity.

The many problems with civil RICO have been cataloged at length elsewhere, and need not be rehearsed in detail here. However, two problems are particularly relevant in every civil RICO case, and, consequently, bear on the issue of pleading requirements raised in this case. First, merely bringing a RICO action against a defendant can unfairly stigmatize him as a "racketeer." This, of course, increases the leverage of plaintiffs who are bringing "strike suits." Second, the civil RICO has resulted in a flood of what are and should be state court cases that are being reframed and brought in federal court as RICO actions because of the carrot of treble recovery and the availability of a federal forum.

In other areas of prosecuting lawsuits, the law has been sensitive to the damage to reputation that even the simple initiation of a lawsuit can wreak. For instance, Rule 9(b) of the Federal Rules of Civil Procedure requires that "the circumstances constituting fraud . . . shall be stated with particularity." As this court has said: "The irreparable damage to reputations and goodwill, which inevitably results

from charges of fraud, and the threat of baseless strike suits are ample reasons for careful judicial review of claims alleging fraud." *Somerville v. Major Exploration, Inc.*, 576 F.Supp. 902, 909 (S.D.N.Y.1983) (Carter, J.). Wright and Miller have noted: "It has been said that the requirement is necessary to safeguard potential defendants from lightly made claims charging commission of acts that involve some degree of moral turpitude." C. Wright & A. Miller, 5 *Federal Practice and Procedure: Civil* § 1296 (1969). If this sensitivity toward a defendant's reputation is called for in every garden variety fraud, then surely equal solicitude for defendants' good names is necessary in an action which goes much further and labels them "racketeers."

The other reason for requiring specificity in RICO pleading is to eliminate frivolous suits at the threshold of litigation. Because of the breadth of the underlying predicate acts and the lack of any of the constraints present for criminal RICO (such as prosecutorial discretion), "the courts have seen a flood of cases under the RICO label which have nothing at all to do with organized crime as it is understood commonly or was understood by Congress at the time of the enactment of the statute." *Terra Resources I v. Burgin*, 664 F.Supp. 82 (S.D.N.Y.1987).

Because of this caseload explosion, courts have sought ways to limit the reach of civil RICO, while remaining within the bounds of appropriate judicial exercise of power and the sometimes ambiguous language of the statute. This Circuit's most recent effort is *Beck v. Manufacturers Hanover Trust Co.*, 820 F.2d 46 (1987), which addressed how the "enterprise" element of civil RICO must be pled to be adequate. After discussing the elements of enterprise that a plaintiff must prove at trial, the Circuit upheld the dismissal of the complaint on the grounds that those elements had been inadequately alleged. *Id.* at 50. The rule of *Beck* thus presupposes that the elements of RICO must be pled with specificity. A court can reach the kind of conclusion that the *Beck* court reached only if sufficient facts are alleged

about the existence of the enterprise to measure the complaint against the applicable legal "enterprise" standard.

■ For instance, this case involves ten defendants, several individuals, several brokerage firms, and several corporations. With respect to the "enterprise" element, the complaint alleges only:

> The defendants each of them formed an association in fact to sell to plaintiffs what purported to be insurance and defendants each of them received income from the pattern of racketeering activity.

Complaint ¶ 27.

Missing are factual allegations from which it could be inferred that the defendants did belong to the "association." Missing are allegations of how long the association lasted. Likewise, although the complaint alleges, "The defendants violated both 18 U.S.C. 19[5]2 and 18 U.S.C. 1341 on numerous occassions [sic]," it never alleges exactly who did what when, and, consequently, fails in any meaningful way to show how the acts are related to the common purpose of the enterprise.

Without answers to questions like these, this court cannot engage in the type of analysis applied in *Beck*, in which the allegations were specific enough to measure the complaint against the substantive standard in a meaningful way. If *Beck's* cataloging of the elements of "enterprise," for instance, is to be meaningful, there must be a rule of specificity in pleading.

The rule that fraud must be pleaded with particularity reaches back before the promulgation of the civil rules to the common law and the codes, and was also the practice under English procedure at the time that the Federal Rules were promulgated. C. Wright & A. Miller, 5 *Federal Practice and Procedure: Civil* § 1296 (1969). There, of course, is no common law tradition about pleading a RICO violation, because RICO is so new a statutory creation that judicial construction of its substance seems to change almost weekly. Yet all of the concerns that dictate that fraud be pleaded with particularity exist with even greater urgency in civil RICO actions, and

the Second Circuit has adopted a method of analyzing RICO complaints that presupposes—and requires—a specifically pled complaint.

█ In addition, pleading RICO with specificity is already required to some extent. Whenever one of the alleged predicate acts is fraud, the predicate act must be pled with particularity. *See Terra Resources I v. Burgin*, Fed.Sec.L.Rep. (CCH) ¶ 92,703, at 93,434 (S.D.N.Y. Apr. 1, 1986) [Available on WESTLAW, DCT database]. It would make little sense to require that the elements of fraudulent predicate acts be pled with particularity in order to protect the defendant's reputation, while allowing the overarching civil RICO claim—with its far greater capacity for reputational damage—to be alleged generally.

Consequently, the civil RICO count will be dismissed with leave to replead within 20 (twenty) days. As noted, the only basis asserted for federal jurisdiction is the RICO statute. In the absence of a valid federal claim, this court declines to exercise jurisdiction over the pendent state claims, counts two through five, *see United Mine Workers v. Gibbs*, 383 U.S. 715, 726 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966), and they will be dismissed as well. Because of the disposition of the motion in this manner, the court has not reached the issue of whether the common law fraud causes of action were adequately pled under Fed.R. Civ.P. 9(b), although it appears that the complaint does not allege "such matters as the time, place and contents of false representations," *see Hudson v. Larouche*, 579 F.Supp. 623, 628 (S.D.N.Y.1983), or even exactly who is alleged to have made them.

**Conclusion**

For the foregoing reason the motion to dismiss the complaint is granted, with leave granted to refile within 20 (twenty) days of the filing of this opinion.

IT IS SO ORDERED.