**EXECUTIVE PHOTO, INC., Plaintiff,**

v.

**Rene NORRELL, Defendant.**

**Rene NORRELL, Third–Party Plaintiff,**

v.

**Solomon BORNFREUND,
Third–Party Defendant.**

**No. 90 Civ. 0391 (PKL).**

United States District Court,
S.D. New York.

Feb. 7, 1991.

Litman, Asche, Lupkin & Gioiella, New York City (Richard M. Asche, Frederick L. Sosinsky, of counsel), for plaintiff.

Steven J. Schwartzapfel, P.C., New York City (Joseph Soffer, of counsel), for defendant.

## ORDER AND OPINION

LEISURE, District Judge:

This is an action for conversion of property, and for violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961, *et seq.* Defendant Rene Norrell has now moved to dismiss the complaint in this action, pursuant to Federal Rules of Civil Procedure 9(b), 12(b)(1), 12(b)(6) and 12(c). For the reasons set forth below, defendant's motion is granted in part and denied in part.

### Background

Plaintiff in this action is a New York corporation with its principal place of business in the Southern District of New York. Plaintiff is in the business of selling, at the wholesale and retail level, various consumer items, in particular cameras and camera equipment. Complaint ¶ 1. Defendant is a resident and citizen of New Jersey. Complaint ¶ 2. Plaintiff alleges that for several years, and at all times relevant to this action, one Solomon Bornfreund ("Bornfreund") was employed by plaintiff, engaged primarily in receiving merchandise in plaintiff's storeroom. Complaint ¶ 5. Commencing at a time unknown to plaintiff, Bornfreund and defendant allegedly entered into "a common plan, scheme, design and business pursuant to which Bornfreund stole merchandise from plaintiff's storeroom, removed it from plaintiff's premises, and sold it to defendant for

cash." Complaint ¶ 6. The complaint further alleges that "defendant, knowing the merchandise had been stolen from plaintiff, resold the merchandise at a profit," Complaint ¶ 6, "transmitt[ing] the same in interstate commerce." Complaint ¶ 15. The value of the merchandise said to have been stolen by Bornfreund and subsequently purchased by defendant is alleged to be in excess of $750,000. Complaint ¶ 7.

This action was filed on January 22, 1990. Defendant filed his answer on March 5, 1990, and an amended answer on June 25, 1990. Defendant thereafter brought the instant motion to dismiss.

### Discussion

1) Sufficiency of Plaintiff's Conversion Claim

■ Defendant first attacks the sufficiency of plaintiff's conversion claim, arguing that plaintiff has failed to plead with the particularity required by Fed.R.Civ.P. 9(b). Rule 9(b) provides, in relevant part, that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity," and thus, by its own terms, is explicitly limited to averments of fraud or mistake, neither of which is found in plaintiff's conversion claim. Accordingly, the Court will not apply the heightened particularity standard of Rule 9(b) to plaintiff's conversion claim, but rather the liberal standard applicable to a motion brought pursuant to Fed.R.Civ.P. 12(b)(6).[1]

"The court's function on a Rule 12(b)(6) motion is not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." *Festa v. Local 3 International Brotherhood of Electrical Workers*, 905 F.2d 35, 37 (2d Cir.1990); *see also*

*Ryder Energy Distribution Corp. v. Merrill Lynch Commodities, Inc.*, 748 F.2d 774, 779 (2d Cir.1984) ("The function of a motion to dismiss 'is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'" (quoting *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir.1980))).

■ Thus, a motion to dismiss must be denied "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974) (*citing Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957); *see also Morales v. New York State Dep't of Corrections*, 842 F.2d 27, 30 (2d Cir.1988). In deciding a motion to dismiss, the Court must limit its analysis to the four corners of the complaint, *see Kopec v. Coughlin*, 922 F.2d 152, 155 (2d Cir.1991), and must accept the plaintiff's allegations of fact as true, together with such reasonable inferences as may be drawn in his favor. *Papasan v. Allain*, 478 U.S. 265, 283, 106 S.Ct. 2932, 2943, 92 L.Ed.2d 209 (1986); *Murray v. Milford*, 380 F.2d 468, 470 (2d Cir.1967); *Hill v. Sullivan*, 125 F.R.D. 86, 90 (S.D.N.Y.1989) ("all allegations in plaintiffs' amended complaint must be accepted as true and liberally construed."); *see also Scheuer, supra*, 416 U.S. at 236, 94 S.Ct. at 1686. Federal Rule of Civil Procedure 8(a) requires only a " 'short and plain statement of the claim' that will give the defendant fair notice of what plaintiff's claim is and the ground upon which it rests." *Conley, supra*, 355 U.S. at 47, 78 S.Ct. at 102

---

**1.** Federal Rule of Civil Procedure 12(h)(2) provides that the defense of failure to state a claim upon which relief can be granted, typically raised pursuant to Fed.R.Civ.P. 12(b)(6), may be raised after the pleadings are closed by a motion for judgment on the pleadings. *See* Fed.R. Civ.P. 12(c). Thus, defendant's Fed.R.Civ.P. 12(b)(6) motion is in fact brought via Fed.R. Civ.P. 12(h)(2) and Fed.R.Civ.P. 12(c). Nevertheless, "the same standards that are employed for dismissing a complaint for failure to state a

claim under Fed.R.Civ.P. 12(b)(6) are applicable here," where the motion is technically a motion under Fed.R.Civ.P. 12(c). *Ad–Hoc Committee of the Baruch Black and Hispanic Alumni Association v. Bernard M. Baruch College,* 835 F.2d 980, 982 (2d Cir.1987); *see also* 5A C. Wright & A. Miller, *Federal Practice and Procedure* § 1367, at 514–15 (2d ed. 1990). Accordingly, this opinion shall refer to defendant's motion to dismiss for failure to state a claim as one brought pursuant to Fed.R.Civ.P. 12(b)(6).

(quoting Fed.R.Civ.P. 8(a)).[2]

■ Applying this standard to plaintiff's claim for conversion, the Court finds that plaintiff has adequately pled that claim. "Under New York law, to establish a conversion action, a plaintiff must show legal ownership of, or a superior possessory right in, the disputed property, and 'that the defendant exercised an unauthorized dominion over that property, ... to the exclusion of the plaintiff's rights.'" *Middle East Banking Co. v. State Street Bank International,* 821 F.2d 897, 906 (2d Cir.1987) (quoting *Meese v. Miller,* 79 A.D.2d 237, 242, 436 N.Y.S.2d 496, 500 (4th Dep't 1981)). "Conversion does not require the defendant's wrongful intent ... [and a] rightful owner need only be deprived of his property, partially or temporarily." *Pittston Warehouse Corp. v. American Motorists Insurance Co.,* 715 F.Supp. 1221, 1225 (S.D.N.Y.1989) (citations omitted). In the case at bar, plaintiff's allegations that defendant knowingly received property stolen from plaintiff, and then resold that property at a profit, sufficiently pleads a claim for conversion under New York law. Defendant's motion to dismiss that claim is, therefore, denied.

### 2) Sufficiency of Plaintiff's RICO Claim

Section 1964(c) of Title 18 United States Code provides a civil remedy for "[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter...." 18 U.S.C. § 1964(c). To state a claim for violation of § 1962, a plaintiff must allege "(1) that the defendant (2) through the commission of two or more acts (3) constituting a 'pattern' (4) of 'racketeering activity' (5) directly or indirectly invests in, or maintains an interest in, or participates in (6) an 'enterprise' (7) the activities of which affect interstate or foreign commerce." *Moss v. Morgan*

*Stanley, Inc.,* 719 F.2d 5, 17 (2d Cir.1983), *cert. denied,* 465 U.S. 1025, 104 S.Ct. 1280, 79 L.Ed.2d 684 (1984); *see also Clapp v. Greene,* 743 F.Supp. 273, 277 (S.D.N.Y. 1990) (quoting *Moss, supra,* 719 F.2d at 17); *Wanamaker v. Columbian Rope Co.,* 740 F.Supp. 127, 139 n. 5 (N.D.N.Y.1990) (same). Defendant asserts that plaintiff has failed to meet this pleading burden in several respects.

### A) Sufficiency of the RICO Predicate Acts Allegations

■ As he argued with respect to plaintiff's conversion claim, defendant asserts that plaintiff has failed to plead his predicate act claim of interstate transportation of stolen property with the particularity required by Fed.R.Civ.P. 9(b). Defendant's position is that despite the plain language of Rule 9(b) limiting its application to averments of fraud and mistake, Rule 9(b) should control the pleading of all civil RICO predicate acts because of the stigma attached to being labelled a "racketeer." However, "[s]ince the rule is a special pleading requirement and contrary to the general approach of simplified pleading adopted by the federal rules, its scope of application should be construed narrowly and not extended to other legal theories or defenses." 5 C. Wright & A. Miller, Federal Practice and Procedure § 1297, at 615 (1990). This Court is unpersuaded that the fact that a civil RICO defendant is termed a "racketeer" merits judicial expansion of the scope of Rule 9(b). *See Sedima, S.P. R.L. v. Imrex Co.,* 473 U.S. 479, 492, 105 S.Ct. 3275, 3283, 87 L.Ed.2d 346 (1985) ("As for stigma, a civil RICO proceeding leaves no greater stain than do a number of other civil proceedings."). Although some courts have chosen to apply the particularity requirements of Rule 9(b) in RICO cases in-

---

**2.** The Court need not, and will not, consider the affidavits submitted by plaintiff in opposition to defendant's motion to dismiss, in reaching its conclusions. Likewise, the Court will not consider the factual allegations set forth in defendant's memorandum in support of the motion. It is abundantly clear that the Court may not consider matters outside of the complaint in ruling on a motion pursuant to Fed.R.Civ.P.

12(b)(6). *Festa, supra,* 905 F.2d at 37. To the extent the Court considers such materials, "'the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56....'" *Festa, supra,* 905 F.2d at 37–38 (quoting Fed.R.Civ.P. 12(b)). In the case at bar, the Court will not consider matters outside the complaint, and thus declines to convert the present motion into a motion for summary judgment.

volving non-fraud-based predicate acts, *see Philan Insurance Ltd. v. Frank B. Hall & Company, Inc.*, 712 F.Supp. 339, 344 (S.D. N.Y.1989); *Plount v. American Home Assurance Company, Inc.*, 668 F.Supp. 204, 207 (S.D.N.Y.1987), this Court believes the better course is to follow those courts that have applied the rule as it is written, and let Congress redraft it if necessary. *See United States v. International Brotherhood of Teamsters*, 708 F.Supp. 1388, 1395–96 (S.D.N.Y.1989); *United States v. Bonanno Organized Crime Family of La Cosa Nostra*, 683 F.Supp. 1411, 1427–28 (E.D.N.Y.1988); *see also Seville Industrial Machinery Corp. v. Southmost Machinery Corp.*, 742 F.2d 786, 792 n. 7 (3d Cir.1984), *cert. denied*, 469 U.S. 1211, 105 S.Ct. 1179, 84 L.Ed.2d 327 (1985). Therefore, the Court will apply the liberal pleading standard set forth in Fed.R.Civ.P. 8(a).

Section 1961(1) of Title 18 United States Code sets forth those crimes that may serve as RICO predicate acts. Among those enumerated in that section is 18 U.S.C. § 2314, which imposes criminal penalties on anyone who "transports, transmits, or transfers in interstate or foreign commerce any goods, wares, merchandise, securities or money, of the value of $5,000 or more, knowing the same to have been stolen, converted or taken by fraud." 18 U.S.C. § 2314. Plaintiff's allegations in the complaint that defendant engaged in "acts of receipt and sale of stolen goods and the transmittal of the same in interstate commerce, knowing the goods to have been stolen, such goods having had a value of $5,000 or more," Complaint ¶ 15, considered with plaintiff's allegations concerning defendant's purchase of stolen goods from Bornfreund and subsequent resale of those goods, Complaint ¶ 6, sufficiently pleads a violation of § 2314. Certainly it

cannot be said, reviewing the four corners of the complaint, that "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Scheuer, supra*, 416 U.S. at 236, 94 S.Ct. at 1686. Generally, it has been the teaching of the Supreme Court that the courts not be overly restrictive and technical in their interpretation of civil RICO claims, as may be appropriate under the circumstances. *See Kerr–McGee Refining Corp. v. M/T Triumph*, 924 F.2d 467, 470 (2d Cir.1991) (citing *Sedima, S.P. R.L. v. Imrex Co.*, 741 F.2d 482 (2d Cir. 1984), *rev'd, Sedima, supra*, 473 U.S. 479, 105 S.Ct. 3275). Accordingly, defendant's motion to dismiss the RICO claim in this action for failure to plead adequately the predicate acts is denied.[3]

### B) Sufficiency of the RICO "Enterprise" Allegations

Section 1961(4) of Title 18 defines a RICO "enterprise" as "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). It is well settled that to support a RICO claim, the alleged enterprise must be an entity distinct from the defendant. *See Jacobson v. Cooper*, 882 F.2d 717, 719 (2d Cir.1989); *Bennett v. United States Trust Company of New York*, 770 F.2d 308, 315 (2d Cir. 1985), *cert. denied*, 474 U.S. 1058, 106 S.Ct. 800, 88 L.Ed.2d 776 (1986). Defendant argues that the complaint alleges that he— and he alone—constitutes the RICO "enterprise" in this action, and thus the RICO claim must be dismissed.

Paragraph 6 of the complaint, however, avers that "Bornfreund and defendant entered into a common plan, scheme,

---

**3.** The Court notes, however, that plaintiff has not adequately pled as RICO predicate acts a violation of 18 U.S.C. § 2315, which imposes criminal penalties on, among others,

> [w]ho[m]ever receives, possesses, conceals, stores, barters, sells, or disposes of any goods, wares, or merchandise, securities, or money of the value of $5,000 or more ... which have crossed a State or United States boundary after being stolen, unlawfully converted, or

taken, knowing the same to have been stolen, unlawfully converted, or taken; ...

18 U.S.C. § 2315. Nowhere in the complaint is it averred, nor may it reasonably be inferred, that defendant either received, possessed, concealed, stored, bartered, sold or disposed of any property that had crossed a State or United States boundary after having been stolen, unlawfully converted or taken.

design and business pursuant to which Bornfreund stole merchandise from plaintiff's storeroom, removed it from plaintiff's premises, and sold it to defendant for cash.... [D]efendant, knowing the merchandise had been stolen from plaintiff, resold the merchandise at a profit." Complaint ¶ 6. Paragraph 11 avers that "[d]efendant's continuous business as a purchaser and reseller of stolen merchandise belonging to plaintiff, constituted an enterprise as defined in Title 18 U.S.C. § 1961(4)." Complaint ¶ 11. Despite defendant's argument to the contrary, these allegations, together with such reasonable inferences as may be drawn in plaintiff's favor, *see Papasan, supra,* 478 U.S. at 283, 106 S.Ct. at 2943, sufficiently plead a RICO enterprise consisting of Bornfreund and defendant. The fact that paragraph eleven of the complaint defines the enterprise as "defendant's business," rather than as "Bornfreund's and defendant's business," does not render the pleading of enterprise inadequate in this case, particularly given the description in paragraph six of the business as consisting of Bornfreund and defendant. Complaint ¶ 6; *see also Cullen v. Margiotta,* 811 F.2d 698, 729–30 (2d Cir.) (single entity may be both the RICO "person" and one of a number of members of the RICO "enterprise"), *cert. denied,* 483 U.S. 1021, 107 S.Ct. 3266, 97 L.Ed.2d 764 (1987). Hence, plaintiff has sufficiently alleged a RICO enterprise.

### C) Causal Link Between Predicate Acts and RICO Injury

■ To prevail in a civil RICO action, the plaintiff must allege that he has been "injured in his business or property by reason of a violation of section 1962" of Title 18, United States Code. 18 U.S.C. § 1964(c). This requirement of a causal link between the RICO violation and the plaintiff's injury is well-established. *See Sedima, supra,* 473 U.S. at 496, 105 S.Ct. at 3285; *County of Suffolk v. Long Island Lighting Co.,* 907 F.2d 1295, 1311 (2d Cir.1990); *Hecht v. Commerce Clearing House, Inc.,* 897 F.2d 21, 23 (2d Cir.1990). The Second Circuit has further held that "[b]y itself, factual causation (*e.g.,* 'cause-in-fact' or 'but-for'

causation) is not sufficient." *Hecht, supra,* 897 F.2d at 23. Rather, "the RICO pattern or acts must *proximately* cause plaintiff's injury.... For our purposes, the RICO pattern or acts proximately cause a plaintiff's injury if they are a substantial factor in the sequence of responsible causation, and if the injury is reasonably foreseeable or anticipated as a natural consequence." *Hecht, supra,* 897 F.2d at 23–24 (emphasis in original) (citations omitted).

Applying this rule to the case at bar, there can be no question but that plaintiff's injury—the loss of his merchandise—was both factually and proximately caused by the alleged RICO violations. Accepting the allegations in the complaint as true for present purposes, *see Papasan, supra,* 478 U.S. at 283, 106 S.Ct. at 2943, defendant, by allegedly engaging in acts of transporting property he knew to have been stolen from plaintiff, was a substantial factor in causing plaintiff's loss, and reasonably could have foreseen or anticipated that loss. A strong causal link exists between the alleged predicate acts and plaintiff's injury, and thus defendant's motion to dismiss the RICO claim on the ground that such a link is lacking, is denied.

### D) Sufficiency of the RICO "Pattern" Allegations

■ To state a claim under the RICO statute, a plaintiff must allege a "pattern" of racketeering activity, 18 U.S.C. § 1962(c), which is defined by the statute as two or more acts of racketeering activity within a ten-year period. 18 U.S.C. § 1961(5). Determining whether a "pattern" exists within the meaning of the RICO statute is not, however, as simple as mechanically applying the definition provided by the statute. Rather, as the Supreme Court noted in *Sedima, supra,* 473 U.S. at 496 n. 14, 105 S.Ct. at 3285 n. 14, "while two acts are necessary, they may not be sufficient." More recently, the Supreme Court further expounded upon the pattern requirement in RICO cases, holding that "RICO's legislative history reveals Congress' intent that to prove a pattern of racketeering activity a plaintiff or prosecu-

tor must show that the racketeering predicates are related, *and* that they amount to or pose a threat of continued criminal activity." *H.J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 109 S.Ct. 2893, 2900, 106 L.Ed.2d 195 (1989) (emphasis in original). There are thus two distinct, although overlapping, constituents of RICO's pattern requirement. Relying on *Sedima* and *H.J. Inc.*, defendant in the present action argues that plaintiff has failed to allege adequately a "pattern" of racketeering activity.

The Supreme Court in *H.J. Inc.* held that, as to the "relatedness" of the predicate acts, "criminal conduct forms a pattern if it embraces criminal acts that have the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events." *H.J. Inc., supra,* 109 S.Ct. at 2901; *see also United States v. Indelicato,* 865 F.2d 1370, 1382 (2d Cir.) ("An interrelationship between acts, suggesting the existence of a pattern, may be established in a number of ways. These include proof of their temporal proximity, or common goals, or similarity of methods, or repetitions."), *cert. denied,* 491 U.S. 907, 109 S.Ct. 3192, 105 L.Ed.2d 700 (1989) and —— U.S. ——, 110 S.Ct. 56, 107 L.Ed.2d 24 (1989). "[T]he involvement of similar participants is sufficient to demonstrate a relationship among the predicate acts." *United States v. Simmons,* 923 F.2d 934, 951 (2d Cir.1991).

In the action now before the Court, the allegations in the complaint support a finding that the predicate racketeering acts share, at minimum, a similar purpose (to carry out a scheme to convert plaintiff's merchandise), similar methods, and similar participants. These similarities are more than sufficient to lead this Court to find that the predicate acts in this case are "related," as that term is defined by the Supreme Court with respect to the RICO "pattern" requirement. *See H.J. Inc., supra,* 109 S.Ct. at 2900–01; *Simmons, supra,* 923 F.2d at 951; *Jacobson, supra,* 882 F.2d at 720; *Friedman v. Arizona World Nurseries Limited Partnership,* 730 F.Supp. 521, 547–48 (S.D.N.Y.1990).

With respect to the "continuity" element of the test for a RICO "pattern," the Supreme Court has held that

"[c]ontinuity" is both a closed- and open-ended concept, referring either to a closed period of repeated conduct, or to past conduct that by its nature projects into the future with a threat of repetition.... A party alleging a RICO violation may demonstrate continuity over a closed period by proving a series of related predicates extending over a substantial period of time. Predicate acts extending over a few weeks or months and threatening no future criminal conduct do not satisfy this requirement: Congress was concerned in RICO with long-term criminal conduct.

*H.J. Inc., supra,* 109 S.Ct. at 2902; *see also Azurite Corp. Ltd. v. Amster & Co.,* 730 F.Supp. 571, 581 (S.D.N.Y.1990) (predicate acts occurring over seven months do not establish continuity); *West Mountain Sales, Inc. v. Logan Manufacturing Co.,* 718 F.Supp. 1084, 1087 (N.D.N.Y.1989) (predicate acts occurring over four months do not establish continuity). In the instant case, the complaint contains no allegations whatsoever as to the period of time over which the predicate acts occurred, and it is conceivable that they took place within a short span of time. Therefore, plaintiff has not sufficiently alleged "continuity" over a closed period.

■ The Supreme Court has recognized, however, that "[o]ften a RICO action will be brought before continuity can be established in this way. In such cases, liability depends on whether the *threat* of continuity is demonstrated." *H.J. Inc., supra,* 109 S.Ct. at 2902 (emphasis in original). Whether the predicate acts alleged establish a threat of continued racketeering activity depends on the specific facts of each case. Such a threat may be shown, for example, where the related predicate acts themselves involve a clear threat of long-term racketeering activity, or where the predicate acts are part of an ongoing entity's regular method of doing business. *See H.J. Inc., supra,* 109 S.Ct. at 2902. The complaint now before the Court does not,

explicitly or by inference, allege a threat of repetition of the predicate acts that projects into the future. Indeed, the RICO scheme alleged in the complaint appears to depend on Bornfreund's position as an employee of plaintiff, which, given the allegations in the complaint, it is extremely unlikely he still holds. Hence, the Court cannot find a demonstrated threat of continuity in the present averments in the complaint.

Because neither the closed- nor the open-ended concept of continuity has been sufficiently alleged in the complaint, plaintiff has failed to allege adequately a RICO "pattern." *See H.J. Inc., supra,* 109 S.Ct. at 2902; *USA Network v. Jones Intercable, Inc.,* 729 F.Supp. 304, 316–18 (S.D.N.Y.1990) (although plaintiff showed relatedness of predicate acts, plaintiff failed to plead facts demonstrating continuity, thus plaintiff did not establish a pattern of racketeering activity). A pattern of racketeering activity is a *sine qua non* of any RICO claim, *see Moss, supra,* 719 F.2d at 17, and thus the lack of that element mandates the dismissal of that claim. Accordingly, defendant's motion to dismiss plaintiff's RICO claim is granted.

 Defendant has asked that plaintiff's RICO claim be dismissed with prejudice. The Second Circuit, however, has taken a liberal approach to amendments of pleadings, stating that "[a] motion to amend should be denied only for such reasons as 'undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party.'" *Richardson Greenshields Securities, Inc. v. Lau,* 825 F.2d 647, 653 n. 6 (2d Cir.1987) (quoting *State Teachers Retirement Board v. Fluor Corp.,* 654 F.2d 843, 856 (2d Cir.1981)). "Furthermore, ... parties ... have been permitted to amend their pleadings to assert new claims long after they acquired the facts necessary to support those claims." *Richardson Greenshields, supra,* 825 F.2d at 653 n. 6 (citing cases). In the case at bar, there is no evidence of undue delay, bad faith, futility or prejudice to defendant. Therefore,

plaintiff's RICO claim is dismissed without prejudice.

**3) Jurisdiction Over the Conversion Claim**

Defendant has also sought dismissal of plaintiff's state law conversion claim on the basis of lack of subject matter jurisdiction. However, the complaint clearly alleges diversity of citizenship, and seeks damages in excess of $750,000. Accordingly, this Court has subject matter jurisdiction with respect to plaintiff's claim for conversion. 28 U.S.C. § 1332.

*Conclusion*

Defendant's motion to dismiss is granted in part and denied in part. Specifically, defendant's motion to dismiss plaintiff's claim for conversion is denied. Defendant's motion to dismiss plaintiff's RICO claim is granted without prejudice.

SO ORDERED.