Richard M. Asche, Litman, Asche, Lupkin & Gioiella, New York City, for plaintiff.

Joseph Soffer, Steven J. Schwartzapfel, P.C., New York City, for defendant.

**EXECUTIVE PHOTO, INC., Plaintiff,**

v.

**Rene NORRELL, Defendant.**

**Rene NORRELL, Third–Party Plaintiff,**

v.

**Solomon BORNFREUND, Third–Party Defendant.**

**No. 90 Civ. 0391 (PKL).**

United States District Court, S.D. New York.

June 19, 1991.

## MEMORANDUM ORDER

LEISURE, District Judge:

This is an action for conversion of property, and for violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.* Defendant Rene Norrell ("defendant") has now moved to dismiss the amended complaint in this action, pursuant to Federal Rules of Civil Procedure 12(b)(6). For the reasons set forth below, defendant's motion is denied.

### Background

Plaintiff filed this action on January 22, 1990. Defendant filed an answer and thereafter moved, pursuant to Federal Rules of Civil Procedure 9(b), 12(b)(1), 12(b)(6) and 12(c), to dismiss the complaint. By an order and opinion dated February 7,

1991, 756 F.Supp. 798 (the "February 7 Order"), this Court granted defendant's motion in part and denied it in part.[1] Specifically, the Court granted defendant's motion to dismiss plaintiff's RICO claim on the ground that plaintiff had failed to allege "continuity" adequately, and thus had failed to allege a RICO "pattern" of racketeering. The Court denied defendant's motion to dismiss plaintiff's conversion claim. Leave to replead was granted. Plaintiff has filed an amended complaint, and defendant now moves to dismiss the amended complaint on the ground that plaintiff has again failed to plead "continuity" sufficiently.

### Discussion

"The court's function on a Rule 12(b)(6) motion is not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." *Festa v. Local 3 International Brotherhood of Electrical Workers*, 905 F.2d 35, 37 (2d Cir.1990); *see also Ryder Energy Distribution Corp. v. Merrill Lynch Commodities, Inc.*, 748 F.2d 774, 779 (2d Cir.1984) ("The function of a motion to dismiss 'is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'" (quoting *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir.1980))).

Thus, a motion to dismiss must be denied "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974) (*citing Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957)); *see also Morales v. New York State Dep't of Corrections*, 842 F.2d 27, 30 (2d Cir.1988). In deciding a motion to dismiss, the Court must limit its analysis to the four corners of the complaint, *see Kopec v. Coughlin*, 922 F.2d 152, 154–55 (2d Cir.1991), and must accept the plaintiff's

allegations of fact as true, together with such reasonable inferences as may be drawn in his favor. *Papasan v. Allain*, 478 U.S. 265, 283, 106 S.Ct. 2932, 2943, 92 L.Ed.2d 209 (1986); *Murray v. Milford*, 380 F.2d 468, 470 (2d Cir.1967); *Hill v. Sullivan*, 125 F.R.D. 86, 90 (S.D.N.Y.1989) ("all allegations in plaintiffs' amended complaint must be accepted as true and liberally construed."); *see also Scheuer, supra*, 416 U.S. at 236, 94 S.Ct. at 1686. Federal Rule of Civil Procedure 8(a) requires only a "'short and plain statement of the claim' that will give the defendant fair notice of what plaintiff's claim is and the ground upon which it rests." *Conley, supra*, 355 U.S. at 47, 78 S.Ct. at 103 (quoting Fed.R. Civ.P. 8(a)).

In its February 7 Order, the Court noted that a plaintiff bringing a RICO action must allege, *inter alia*, "continuity" with respect to the defendant's predicate activity, and that, as stated by the Supreme Court:

"Continuity" is both a closed- and open-ended concept, referring either to a closed period of repeated conduct, or to past conduct that by its nature projects into the future with a threat of repetition.... A party alleging a RICO violation may demonstrate continuity over a closed period by proving a series of related predicates extending over a substantial period of time. Predicate acts extending over a few weeks or months and threatening no future criminal conduct do not satisfy this requirement....

*H.J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 241–42, 109 S.Ct. 2893, 2902, 106 L.Ed.2d 195 (1989); *see also Azurite Corp. Ltd. v. Amster & Co.*, 730 F.Supp. 571, 581 (S.D.N.Y.1990) (predicate acts occurring over seven months do not establish continuity).

Relying on the Supreme Court's guidance in *H.J. Inc.*, this Court found that plaintiff's complaint, containing no allegations whatsoever as to the period of time over which the predicate acts allegedly oc-

---

1. Familiarity with the Court's February 7 Order, including its discussion of the facts of this case, will be assumed.

curred, failed sufficiently to allege "continuity" over a closed period. 756 F.Supp. at 804–05.[2] Plaintiff's amended complaint rectifies this deficiency with the following averments:

> Commencing at a time unknown to plaintiff, Bornfreund and defendant entered into a common plan, scheme, design and business pursuant to which, *over a period of at least two and one-half years,* Bornfreund stole merchandise from plaintiff's storeroom, removed it from plaintiff's premises, and sold it to defendant for cash. Upon information and belief, over the same period, defendant, knowing the merchandise had been stolen from plaintiff, resold the merchandise at a profit.

Amended Complaint ¶ 6 (emphasis added).

> Bornfreund and defendant engaged in a pattern of racketeering activity ... which consisted of, inter alia, at least two racketeering acts, including, *over a continuous period of at least two and one-half years, repeated and numerous acts* of receipt, sale, transportation, transfer and transmittal of stolen goods having a value of $5,000 or more in interstate commerce, knowing the goods to have been stolen, in violation of 18 U.S.C. § 2314.

Amended Complaint ¶ 15 (emphasis added). These allegations of "repeated and numerous" predicate acts taking place over a substantial period of time are sufficient to establish the requisite closed-ended continuity under the case law of the Supreme Court and Second Circuit. *See Proctor & Gamble Co. v. Big Apple Industrial Buildings, Inc.,* 879 F.2d 10, 18 (2d Cir.

1989) (predicate acts occurring over a period of nearly two years establish continuity), *cert. denied,* —— U.S. ——, 110 S.Ct. 723, 107 L.Ed.2d 743 (1990); *Polycast Technology Corp. v. Uniroyal, Inc.,* 728 F.Supp. 926, 948 (S.D.N.Y.1989) (multiple acts over eight and one-half month period establish continuity).

Defendant argues that plaintiff's failure to allege a specific date on which the predicate activity began precludes a finding of "continuity," despite the above-quoted allegations. This argument, relying on a case involving predicate acts of fraud, *West Mountain Sales, Inc. v. Logan Manufacturing Co.,* 718 F.Supp. 1084, 1086 (N.D.N.Y.1989), confuses the different pleading requirements of Federal Rules of Civil Procedure 9(b) and 12(b)(6). The former rule, requiring the pleading of fraud with particularity, may well mandate the averment of specific predicate acts occurring on specific dates. However, the latter rule, applicable here,[3] does not. As the Supreme Court has observed, "Congress was concerned in RICO with long-term criminal conduct." *H.J. Inc., supra,* 492 U.S. at 242, 109 S.Ct. at 2902. Plaintiff's allegations of a scheme extending over more than two and one-half years, involving numerous illegal acts, clearly fall within the scope of that concern, regardless of the precise date on which that scheme began.[4] Accordingly, defendant's motion to dismiss for failure to state a claim is denied.[5]

## Conclusion

For the reasons set forth above, defendant Rene Norrell's motion to dismiss the

---

**2.** The Court also found that plaintiff's averments had failed to establish a threat of continued racketeering activity. 756 F.Supp. at 804–05. In its papers submitted in opposition to the instant motion, plaintiff does not assert that it has alleged such "open-ended" continuity, and—given its allegations of "closed-ended" continuity—correctly notes that it need not do so.

**3.** This Court has already held that the liberal pleading standards of Rule 12(b)(6), and not the more stringent requirements of Rule 9(b), govern plaintiff's claims. *See* 756 F.Supp. at 800.

**4.** Defendant's citation of *Azurite, supra,* 730 F.Supp. 571, *USA Network v. Jones Intercable,*

*Inc.,* 729 F.Supp. 304 (S.D.N.Y.1990), and *Airlines Reporting Corp. v. Aero Voyagers, Inc.,* 721 F.Supp. 579 (S.D.N.Y.1989), for the proposition that the Court must look for additional evidence of continuity is likewise misplaced. Those cases, involving allegations of short-term, closed-ended periods of predicate activity (seven months, three and one-half months and thirteen months, respectively), are inapposite to the case at bar, where the alleged activity occurred over a significantly longer period of time.

**5.** In reaching this decision, the Court has found it unnecessary to consider plaintiff's "rebuttal memorandum" and defendant's letter in response thereto.

amended complaint in this action, pursuant to Fed.R.Civ.P. 12(b)(6), for failure to state a claim upon which relief may be granted, is denied.

SO ORDERED.