**BROWNING AVENUE REALTY CORP.,**
individually and on Behalf of Cross County Square Associates, a joint venture, Plaintiff,

v.

Bernard S. **ROSENSHEIN** and Rosenshein Associates, Ira Rubin, Krasnow, Cohen, Gaft & Rubin, Alfred Wilner and Alfred Wilner, Inc., Defendants.

No. 90 Civ. 8158 (RWS).

United States District Court,
S.D. New York.

April 21, 1992.

Kalnick, Jackson, Klee & Green, P.C., New York City (Stuart A. Jackson, of counsel), for plaintiff.

Wilson, Elser, Moskowitz, Edelman & Dicker, New York City (Thomas R. Manisero and Dennis Justin Kelly, of counsel), for defendants Ira Rubin and Krasnow, Cohen Gaft & Rubin.

L'Abbate & Balkan, Garden City, N.Y. (Anthony P. Colavita and Marie Ann Hoenings, of counsel), for defendants Alfred Wilner and Alfred Wilner, Inc.

## OPINION

SWEET, District Judge.

Plaintiff Browning Avenue Realty Corp. ("Browning Avenue") individually and on behalf of the joint venture Cross Country Square Associates ("Joint Venture") has moved pursuant to Rule 15 of the Federal Rules of Civil Procedure to amend its complaint. Defendants Ira Rubin and his accounting firm, Krasnow, Cohen, Gaft & Rubin (collectively "Rubin"), and Defendants Alfred Wilner and Alfred Wilner, Inc. (collectively "Wilner") have opposed Browning Avenue's motion and have moved for sanctions against Browning Avenue and its counsel pursuant to Rule 11 as well as for costs and attorney's fees. For the reasons set forth below, the motions are denied.

## Prior Proceedings

The prior proceedings and facts are fully set forth in the opinion of this Court dated August 7, 1991, familiarity with which is presumed. *See Browning Avenue Realty Corp. v. Rosenshein,* 774 F.Supp. 129 (S.D.N.Y.1991) (the "Opinion"). Only those facts pertinent to the present motions are mentioned here.

This action was commenced by Browning Avenue on February 8, 1988, in New York State Supreme Court against Bernard S. Rosenshein and Rosenshein Associates (collectively "Rosenshein"). Rubin and Wilner were not named as defendants in the original complaint. Browning Avenue sought to amend its complaint for a second time in October 1990 to add a RICO claim. The state court granted this motion on November 13, 1990.

Browning Avenue served the Second Amended Complaint on Rubin and Wilner on December 6, 1990, thus joining them as defendants for the first time. On that day, Rosenshein filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code. Wilner removed the action to this Court on December 19, 1990, alleging federal jurisdiction arising out of the newly added RICO claim.

In early 1991, Rubin and Wilner both moved to dismiss the Second Amended Complaint pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure. All of the parties submitted evidentiary materials outside of the Second Amended Complaint in support of their arguments, causing this Court to treat the Rule 12(b)(6) motion as one for summary judgment under Rule 56. *See* Fed.R.Civ.P. 12(b); 774 F.Supp. at 146.

In the Opinion, this Court granted their motions and dismissed the Second Amended Complaint against them. In doing so, it was noted that, at the time:

> [t]his action ha[d] been pending ... for over two years, discovery ha[d] been extensive and the depositions of the principals, other than Wilner, ha[d] been taken. At the heart of the action is the dispute between the coventurers, Browning and Rosenshein. On the record submitted

thus far there is no basis to believe further discovery would supply the basis for further pleading.

Although leave to replead is not granted for the reasons stated, it may be sought by way of an appropriate motion. 774 F.Supp. at 146. After granting the relief requested, the Opinion directed the parties to "[s]ettle judgment on notice". *Id.*

The Defendants submitted an Order and Judgment ("Order") to the Court. Browning Avenue did not object to the Order, and the Court signed and filed it on September 26, 1991. The Order stated that, as to Rubin and Wilner, "each and every claim in the [Second Amended] Complaint is dismissed with prejudice." The Order was entered by the Clerk of the Court on September 27, 1991.

Browning Avenue filed the present motion on October 18, 1991. Rubin responded and filed its motion on December 23, while Wilner did the same on December 26, 1991. Oral argument was heard on January 30, 1992, and the motions considered submitted as of that date.

## Discussion

As a preliminary matter, the Defendants argue that Browning Avenue's motion is improper because Browning Avenue has moved under Rule 15 and not Rules 59 or 60 of the Federal Rules. Under Rule 59, the Plaintiff's present motion is not timely. The Plaintiff responds that its motion under Rule 15 is proper since the previous judgment was not final.

The Opinion granted summary judgment and dismissed the Second Amended Complaint against the Rubin and Wilner Defendants. Browning was granted leave to put in additional evidence and memoranda in opposition to the conversion of the motion to one for summary judgment. This was not done, and over one month later a judgment was entered on the docket in favor of Rubin and Wilner. Because leave to replead was not granted, and a separate judgment entered on the docket in favor of these defendants, that judgment was final. *See Elfenbein v. Gulf & West-*

*ern Industries, Inc.,* 590 F.2d 445, 448–49 (2d Cir.1978).

The Plaintiff therefore has improperly moved to amend its complaint under Rule 15 of the Federal Rules of Civil Procedure. *See National Petrochemical Co. of Iran v. The M/T Stolt Sheaf,* 930 F.2d 240, 244–45 (2d Cir.1991); *Elfenbein,* 590 F.2d at 448; *Weisman v. LeLandais,* 532 F.2d 308, 309 (2d Cir.1976); *Federal Deposit Insurance Corp. v. Chizner,* 110 F.R.D. 114, 117 (E.D.N.Y.1986); *Mull v. Colt Co.,* 31 F.R.D. 154, 157 n. 2 (S.D.N.Y.1962). Nevertheless, dismissing the present motion on a procedural technicality would be wasteful since Plaintiff probably would refile its motion under the appropriate Rule. *See Mull,* 31 F.R.D. at 157 n. 2; *see also Lenczycki v. Shearson Lehman Hutton, Inc.,* 88 Civ. 9262, slip op. at 7–8, 1991 WL 152611 (S.D.N.Y. July 31, 1991). Browning Avenue's motion thus will be treated as one for relief under Rule 60(b) of the Federal Rules.

## I. *Relief from the Prior Judgment is not Warranted*

Rule 60(b) of the Federal Rules of Civil Procedure provides:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be within a reasonable time, and for reasons (1), (2), and (3) not more

than one year after the judgment, order, or proceeding was entered or taken....

Fed.R.Civ.P. 60(b). Browning Avenue has not suggested which, if any, of Rule 60(b)'s subdivisions applies to its motion. However, it is apparent that Browning Avenue cannot avail itself of the first five subdivisions. There is no allegation of mistake or excusable neglect, and any evidence the present motion is based on was known to Browning Avenue before the previous motion to dismiss was argued, precluding relief under subdivisions one and two. Subdivisions three, four, and five are inapplicable to the present action. Browning Avenue's motion therefore will be treated under the provisions of Rule 60(b)(6).

Rule 60(b)(6) provides a court with a "grand reservoir of equitable power to do justice in a particular case, [and] is properly invoked where there are extraordinary circumstances or where the judgment may work an extreme and undue hardship". *Matarese v. LeFevre,* 801 F.2d 98, 106 (2d Cir.1986) (citations omitted), *cert. denied,* 480 U.S. 908, 107 S.Ct. 1353, 94 L.Ed.2d 523 (1987). Although there are no particular factors to apply when determining whether relief is available, *see Liljeberg v. Health Services Acquisition Corp.,* 486 U.S. 847, 863–64, 108 S.Ct. 2194, 2203–04, 100 L.Ed.2d 855 (1988), the Second Circuit has indicated that, in situations not unlike the one presented, "it might be appropriate ... to take into account the nature of the proposed amendment". *National Petrochemical,* 930 F.2d at 244. In doing so, care must be taken to avoid allowing Rule 15 to be used to contravene the policy in favor of the finality of judgments. *See id.* This is not a concern here, though, since even under Rule 15's more liberal approach, allowing Browning Avenue to proceed on the proposed complaint would be futile.

■ Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend a complaint "shall be freely given when justice so requires." The Supreme Court has, however, interpreted Rule 15 to permit such amendments only when the party seeking the amendment (1) has not unduly delayed, (2) is not acting in bad

faith or with a dilatory motive, (3) when the opposing party will not be unduly prejudiced by the amendment, and (4) when the amendment is not futile. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). An amendment is considered futile if the proposed pleading fails to state a claim or would be subject to a motion to dismiss on some other basis. *See, e.g., S.S. Silberblatt, Inc. v. East Harlem Pilot Block,* 608 F.2d 28, 42 (2d Cir. 1979); *Freeman v. Marine Midland Bank–New York,* 494 F.2d 1334, 1338 (2d Cir.1974).

### A. The Proposed Complaint Fails to Plead the Grounds For Jurisdiction

■ The proposed complaint asserts a RICO claim and a number of state law claims against the Rubin and Wilner defendants. Jurisdiction presumably is based 18 U.S.C. § 1964(c), as diversity is lacking. However, the proposed complaint fails to set forth "a short plain statement of the grounds upon which the court's jurisdiction depends," and is faulty for this reason alone. Fed.R.Civ.P. 8(a)(1).

### B. The Proposed Complaint Fails to Plead a RICO Claim

The proposed complaint also fails to state a valid RICO claim against either Rubin or Wilner. The Proposed Third Amended Complaint would allege that the Defendants "performed or aided and abetted the performance of two or more indictable acts under the federal wire [and mail] fraud statutes". Proposed Complaint ¶ 173; *see* 18 U.S.C. §§ 1341, 1343. These alleged acts presumably would be offered to satisfy RICO's predicate acts requirement, and constitute a "pattern" of racketeering activity through participation in an enterprise affecting interstate commerce. *See Moss v. Morgan Stanley, Inc.,* 719 F.2d 5, 17 (2d Cir.1983), *cert. denied,* 465 U.S. 1025, 104 S.Ct. 1280, 79 L.Ed.2d 684 (1984); *Zaro*

*Licensing, Inc. · v. Cinmar, Inc.,* 779 F.Supp. 276, 281 (S.D.N.Y.1991).

### 1. Predicate Acts

■ It is well-settled that where the predicate acts of a RICO claim sound in fraud, the pleading of those predicate acts must satisfy the particularity requirement of Rule 9(b), Fed.R.Civ.P. 9(b). *See Morin v. Trupin,* 711 F.Supp. 97, 111 (S.D.N.Y. 1989). Indeed, "all of the concerns that dictate that fraud be pleaded with particularity exist with even greater urgency in civil RICO actions." *Plount v. American Home Assurance Co.,* 668 F.Supp. 204, 206 (S.D.N.Y.1987).

■ To plead mail and wire fraud as predicate acts, Browning must allege with particularity participation in a scheme to defraud and knowing use of the interstate mails or interstate wires to further the scheme. *See Zaro,* 779 F.Supp. at 282; *Browning Avenue,* 774 F.Supp. at 137. A complaint must delineate the specifics of each purported use of the mail and wires, including the time, place, speaker, and content of the alleged fraudulent misrepresentations, as well as the manner in which the misrepresentations were fraudulent. *Id.* at 137–38.

The Proposed Third Amended Complaint does not set forth a single instance where a fraudulent statement was allegedly transmitted or received by wire. The Plaintiff's proposed reliance on the wire fraud statute to satisfy the predicate acts requirement would therefore be futile.

■ The Court assumes that the proposed complaint alleges that the Rubin defendants committed two predicate acts by means of the October 7, 1987, cost summaries and a letter dated November 23, 1987. This fails to satisfy Rule 9(b). First, the proposed complaint never states that the documents were mailed, but instead alleges the cost summaries were "forwarded" to Browning, Proposed Complaint ¶ 133,[1] while the November 23 letter was "submitted," *id.* ¶ 136. The means by

---

**1.** The cost summaries were allegedly prepared by the Rubin defendants and "forwarded" by   Rosenshein.

which these documents were "forwarded" or "submitted" are not mentioned. Although it may seem picayune, use of the mail is the core element of the mail fraud statute, and the Court will not assume its use.[2] Second, the proposed complaint still alleges that the October cost summaries represent the "shocking truth". *Id.* ¶ 134. As such, it is not fraudulent, defeating the predicate acts requirement. Third, the Plaintiff simply fails to allege what it is about the November 23 letter that is fraudulent. Moreover, if the letter is fraudulent, it was Rosenshein who committed the fraud, as "Rubin's cost summaries were entirely based upon Rosenshein's figures". *Id.* ¶ 140. The proposed complaint as to Rubin therefore would be futile for failing to allege two predicate acts.

As for the Wilner defendants, the Court assumes that Browning Avenue seeks to establish a RICO predicate through the monthly reports prepared by Wilner for the European American Bank. Again, the proposed complaint fails to state the means by which these documents were "forwarded" or "sent," *see, e.g., id.* ¶¶ 75, 76, 88, 90, 92, 93, and the Court will not assume use of the mail. Secondly, the proposed complaint does not state with particularity the role played by Wilner in preparing the allegedly false reports. It is only alleged that the Wilner Defendants accepted Rosenshein's numbers without much review. While this may "give[ ] the lie to the suggestion that Wilner was not concerned with the pricing of costs or approval of same," *id.* ¶ 112, it does not state with particularity what information was intentionally misrepresented by Wilner, and when any misrepresentation took place. Simply pointing out possible inconsistencies in the reports, without more, is not enough to establish an allegation of fraud. The proposed amendment therefore would be futile as to the Wilner defendants as well.

### 2. *Aiding and Abetting*

■ Moreover, the proposed complaint fails to plead that the Rubin or Wilner

defendants aid or abetted Rosenshein's alleged scheme to defraud Browning Avenue. A proper pleading of aiding and abetting a principal in the furtherance of a crime or predicate act requires an allegation of some specified, knowing, affirmative action to assist the unlawful act. *Laterza v. American Broadcasting Co.*, 581 F.Supp. 408, 412 (S.D.N.Y.1984). No such pleading is set forth in the proposed complaint.

Browning Avenue attempts to bootstrap the Rubin defendants alleged fiduciary duty as accountants into an aiding and abetting claim. This presumably is based on Rubin's alleged failure to report to Browning Avenue and to conduct an independent audit. However, the proposed complaint fails to allege any facts showing that the Rubin Defendants had any knowledge of Rosenshein's apparent scheme.

The aiding and abetting allegations in the proposed complaint against the Wilner Defendants are even more attenuated. The core of the complaint here is that Wilner "blindly" accepted Rosenshein's figures and should have known, by referencing European American Bank documents available to it, that Browning Avenue also had an interest in the Project. The complaint alleges that the "obvious inference" is that Wilner must have realized the numbers were fraudulent, ¶ 110, and that Wilner "had to have been put on notice of the flim-flam," ¶ 113, thus reaching the conclusion that "the Wilner defendants acted knowingly and deliberately by falsifying the reports," ¶ 115. The proposed complaint concludes that the Wilner Defendants acted knowingly, yet fails to set forth a "specified, knowing, affirmative action" on their part to assist Rosenshein. *Browning Avenue*, 774 F.Supp. at 143. The proposed amendment would therefore be futile for this reason as well.

### 3. *RICO's other Requirements*

■ The proposed complaint also appears to allege that the defendants all conspired to commit RICO violations. For the

---

**2.** The complaint "must show a scheme to defraud coupled with facts demonstrating that Rubin used the mail or wires to further the

'scheme'". *Browning Avenue*, 774 F.Supp. at 137.

reasons stated in the Opinion, the proposed complaint still fails to allege such a conspiracy. *See Browning Avenue,* 774 F.Supp. at 141, 145. Furthermore, as the Opinion demonstrated, the proposed complaint still does not satisfactorily plead the substantive RICO elements required to maintain a RICO action. Two predicate acts, in and of themselves, do not give rise to a civil RICO claim, *see id.* at 139–40, 144, nor does an alleged breach of a professional obligation. The proposed RICO claim would not survive a motion to dismiss. Browning Avenue's motion to vacate and allow it to file a new complaint is therefore denied.

II. *Rule 11 Sanctions are not Warranted*

■ The Rubin and Wilner Defendants have requested the imposition of Rule 11, Fed.R.Civ.P. 11, sanctions against Browning Avenue and its counsel for having brought the present motion.

Rule 11 is triggered when:

it appears that a pleading has been interposed for any improper purpose, *or where,* after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law.

*Eastway Construction Corp. v. City of New York,* 762 F.2d 243, 254 (2d Cir.1985), *cert. denied,* 484 U.S. 918, 108 S.Ct. 269, 98 L.Ed.2d 226 (1987). In deciding whether to impose sanctions, a court must objectively examine the reasonableness of an attorney's inquiry in light of all the circumstances. *See O'Malley v. New York City Transit Authority,* 896 F.2d 704, 706 (2d Cir.1990).

■ The defendants rely heavily on *O'Malley.* There, the Second Circuit held that Rule 11 had been violated by the filing of "perhaps the most 'baseless' RICO claim ever encountered" by it. *Id.* at 709. The plaintiff brought a RICO claim based on a workers' compensation claim, the termination of his employment, and his legal proceedings. At a pre-trial conference, the Magistrate Judge advised the plaintiff and his counsel that the RICO claim lacked merit and suggested that it be withdrawn. This advice was not heeded, and the claim dismissed on a motion for summary judgment. *See id.* at 705.

The Second Circuit justified imposing sanctions in *O'Malley* partially on the plaintiff's refusal to follow the magistrate judge's advice, finding that this tended to show bad faith by the plaintiff. The Opinion here, however, explicitly invited Browning Avenue to attempt to replead its complaint. *See* 774 F.Supp. at 146. Although its attempt to do so was unsuccessful, it would be improper to impose sanctions for trying to cure the complaint under these circumstances. The Rubin and Wilner Defendants' motions for sanctions are therefore denied.

*Conclusion*

To summarize, Browning Avenue's motion to amend the Second Amended Complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure is converted into a motion to vacate pursuant to Rule 60(b). The motion to vacate is denied. The motions of the Rubin and Wilner Defendants for sanctions pursuant to Rule 11 are denied as well.

It is so ordered.