Howard JACOBSON,
Plaintiff–Appellant,

v.

Sam COOPER and David Jacobson,
Defendants–Appellees.

No. 1179, Docket 89–7217.

United States Court of Appeals,
Second Circuit.

Argued June 2, 1989.

Decided Aug. 18, 1989.

Charles C. Luetke, Peekskill, N.Y., for plaintiff-appellant.

Isaac Anolic, New York City (Isaac Anolic, P.C., New York City), for defendant-appellee Sam Cooper.

David Jacobson, defendant-appellee pro se.

Before NEWMAN and MINER, Circuit Judges, and WARD, District Judge.*

MINER, Circuit Judge:

This is an appeal from a judgment entered in the United States District Court for the Southern District of New York (Keenan, J.) dismissing the amended complaint of plaintiff-appellant Howard Jacobson ("Jacobson") for failure to state a claim

* The Honorable Robert J. Ward, United States District Judge, Southern District of New York, sitting by designation.

upon which relief can be granted.[1] *See* Fed.R.Civ.P. 12(b)(6). In his amended complaint, Jacobson alleged, *inter alia*, that his son, David Jacobson ("David"), and Sam Cooper ("Cooper"), the defendants-appellees in this action, violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(a), (b) & (d) (1982 & Supp. V 1987), by engaging in a scheme to appropriate Jacobson's real estate enterprise. The district court dismissed the action, finding that the amended complaint did not describe an enterprise distinct from the individual defendants, as the court held was required under RICO.

We find that Jacobson, although awkward in his characterization of the RICO enterprise, alleged a RICO enterprise distinct from the individual defendants. Furthermore, a "pattern" of racketeering activity, a necessary element of a RICO action, also was alleged. Accordingly, we reverse the judgment of the district court and remand for reinstatement of the amended complaint.

## BACKGROUND

Because the Rule 12(b)(6) motion here was granted, the facts alleged in the amended complaint are taken as true for purposes of this appeal. *See Procter & Gamble Co. v. Big Apple Indus. Bldg., Inc.*, 879 F.2d 10, 14 (2d Cir.1989). According to the amended complaint, Jacobson formed an "enterprise" in 1972 for the purpose of investing in and developing real estate properties. In 1977 he "took" his son David "into his ... enterprise" in some unspecified manner. From time to time prior to 1980, Cooper, once a partner with Jacobson in a brownstone renovation project, loaned money to Jacobson for various real estate purchases. Jacobson was imprisoned in 1980 on a conviction for a murder unrelated to his real estate endeav-

ors. Because of his confinement, he turned over control of his enterprise to Cooper and David, who promised "that they would act as his fiduciaries."

Instead of preserving Jacobson's interest in the business, the defendants set about to control and wrongfully appropriate his "real estate enterprise and properties." Pursuant to their scheme, defendants sold certain real estate properties owned by Jacobson, and purchased other properties with the proceeds of the sales. David and Cooper falsely represented to Jacobson that he owned fifty percent of the properties so acquired. Defendants also began cooperative apartment conversions on the purchased properties, without identifying Jacobson in the Offering Statements as an owner, and did not account to Jacobson for any of the resulting income.

In addition, Cooper borrowed money from Jacobson's former wife to purchase or convert into a cooperative apartment building one of the properties in which Jacobson claims an interest, and falsely promised that she would be repaid with interest. As well, Jacobson complains that Cooper manipulated and controlled David by lending David money to support a drug addiction and that Cooper charged David unlawful interest on a $125,000 loan. Also, Cooper acquired liens and security interests on enterprise properties that were in David's name and then improperly foreclosed on those properties.

After repeatedly demanding and not receiving from defendants an accounting of the affairs of the enterprise, Jacobson commenced this suit. The amended complaint encompasses five causes of action, three under RICO, one for breach of fiduciary duty, and one for conversion. In the RICO claims, Jacobson asserts that the defendants (i) "acquired or maintained, directly or indirectly, interest in or control over

---

1. Jacobson died during the pendency of this appeal. Prior to oral argument, Cooper suggested the death on the record, *see* Fed.R.App.P. 43, and moved this Court to stay the appeal, or, in the alternative, to dismiss the action on the ground that the cause of action had abated. Counsel for Jacobson filed an affirmation in opposition to the motion, and at oral argument informed us that the executrix named in Jacobson's will shortly would apply for letters testamentary and then would move in this case for a substitution of party. *See id.;* Fed.R.Civ.P. 25. We therefore deny Cooper's motion without prejudice to renewal in the district court following the remand hereinafter ordered.

plaintiff's real estate enterprise ... through a pattern of racketeering activity," *see* 18 U.S.C. § 1962(b); (ii) "received income derived directly from a pattern of racketeering activity and through the collection of unlawful debts in which defendants have participated as a principal to use and invest said income in the acquisition of plaintiff's enterprise," *see id.* § 1962(a); and (iii) "conspired to violate 18 U.S.C. § 1962(b) to obtain control over plaintiff's enterprise," *see id.* § 1962(d). Alleged as RICO predicate acts are instances of mail and wire fraud, *see id.* §§ 1341 & 1343; extortion, *see id.* § 1951; larceny, *see* N.Y.Penal Law § 155.05(2)(d) (McKinney 1988); offering false instruments for filing, *see id.* § 175.35; and usury, *see id.* § 190.40. These acts are said to comprise a pattern of racketeering activity. *See* 18 U.S.C. § 1961(5).

Upon Cooper's motion, the district court dismissed the RICO claims for failure to state a claim upon which relief can be granted, *see* Fed.R.Civ.P. 12(b)(6); the court held that the amended complaint did not allege the existence of an enterprise distinct from the individual defendants. The court declined jurisdiction over the remaining pendent state claims (breach of fiduciary duty and conversion), and the entire amended complaint consequently was dismissed. This appeal followed.

## DISCUSSION

RICO proscribes four types of conduct: using or investing income derived from a pattern of racketeering to acquire an enterprise engaged in or affecting commerce, 18 U.S.C. § 1962(a); acquiring an interest in or control of such an enterprise through a pattern of racketeering activity, *id.* § 1962(b); conducting the affairs of an enterprise through a pattern of racketeering activity, *id.* § 1962(c); and conspiring to commit any of the aforementioned violations, *id.* § 1962(d). "Enterprise" is defined in the statute as "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." *Id.* § 1961(4).

We have held that for a claim brought under section 1962(c) to be viable, the RICO "person" engaged in the proscribed conduct, *see id.* § 1961(3), and the "enterprise" must be different from one another, i.e. they must be separate entities. *See Bennett v. United States Trust Co. of New York*, 770 F.2d 308, 315 (2d Cir.1985), *cert. denied*, 474 U.S. 1058, 106 S.Ct. 800, 88 L.Ed.2d 776 (1986). "[U]nder 1962(c) a corporate entity may not be simultaneously the 'enterprise' and the 'person' who conducts the affairs of the enterprise through a pattern of racketeering activity." *Id.* Assuming that the holding of *Bennett* was to apply to claims brought under subsections (a), (b) or (d) of section 1962—the subsections implicated in this action—*see Petro–Tech, Inc. v. Western Co. of N. Am.*, 824 F.2d 1349, 1360–61 (3d Cir.1987); *Schreiber Distrib. Co. v. Serv–Well Furniture Co.*, 806 F.2d 1393, 1396–98 (9th Cir. 1986); *Schofield v. First Commodity Corp. of Boston*, 793 F.2d 28, 31–32 (1st Cir.1986); *Masi v. Ford City Bank & Trust Co.*, 779 F.2d 397, 401–02 (7th Cir. 1985). *But see Rush v. Oppenheimer & Co.*, 628 F.Supp. 1188, 1196–97 (S.D.N.Y. 1985), Jacobson adequately has pleaded RICO persons distinct from a RICO enterprise.

The enterprise described in the amended complaint is "plaintiff's real estate enterprise," a legitimate business formed by plaintiff for real estate investment and development. The continuing existence of that business is assumed in the various charges of wrongdoing attributed to the defendants throughout the amended complaint. *See Procter and Gamble Co.*, 879 F.2d at 18 (complaint adequate if it "provide[s] allegations sufficient to infer that an enterprise exists"). Although Jacobson apparently conferred upon David some interest in the business, the enterprise remained a separate entity throughout the entire period beginning with its formation and continuing to the time of the commencement of the action. It is clearly alleged that Jacobson voluntarily relinquished control over all real estate activities so that those activities could be conducted by David and Cooper during his incarceration. Jacobson

asserted that, rather than conducting the affairs of the business as his fiduciaries, his associates acquired ownership interests in the enterprise by the various illicit means detailed in the amended complaint. Manifest in the pleading is Jacobson's contention that the defendants and the enterprise at all times maintained separate identities.

■ The amended complaint could be read also to allege that Jacobson at some point voluntarily associated himself with one or both of the defendants to constitute a legitimate enterprise before his participation was foreclosed by the criminal activities of the defendants. Even if both of the defendants are considered to be components of such an enterprise, there is no complete identity between the RICO persons and the RICO enterprise. Under this reading of the amended complaint, the defendants named in this action would be but members of a larger enterprise that included Jacobson. Where the overlap between the defendants and the alleged RICO enterprise is only partial, a RICO claim may be sustained. *See Cullen v. Margiotta,* 811 F.2d 698, 730 (2d Cir.) (A defendant may be a "RICO person and one of a number of members of the RICO 'enterprise.'"), *cert. denied,* 483 U.S. 1021, 107 S.Ct. 3266, 97 L.Ed.2d 764 (1987); *Richardson Greenshields Secs., Inc. v. Mui–Hin Lau,* 693 F.Supp. 1445, 1449 (S.D.N.Y.1988). Under either reading, the district court erred in dismissing the amended complaint for "fail[ure] to sufficiently allege the existence of an 'enterprise' recognizable under RICO."

■ We note also that the requisite "pattern" of racketeering has been adequately pleaded. Relatedness is present: While Jacobson alleges separate acts involving separate properties, these acts are related because they all had the supposed purpose and effect of depriving Jacobson of interests in his real estate enterprise, involved the same "participants, victim[ ], [and] methods of commission ... and are not isolated events," *H.J. Inc. v. Northwestern Bell Telephone Co.,* — U.S. —, —, 109 S.Ct. 2893, 2901, 106 L.Ed.2d 195 (1989). Continuity too is present: The "related predicates extend[ed] over a substantial period of time," *id.* at —, 109 S.Ct. at

2902, here a matter of years, from 1980 until the filing of this action.

## CONCLUSION

The judgment of the district court is reversed and the case is remanded to the district court for reinstatement of all claims pleaded in the amended complaint. The district court may find it helpful to require further amendment of the complaint in the interest of clarification.