896 F.Supp. 342 (1995)
TRUSTEES OF THE PLUMBERS and, PIPEFITTERS NATIONAL PENSION FUND, et al., Plaintiffs,
v.
DE-CON MECHANICAL CONTRACTORS, INC., et al., Defendants.
No. 94 Civ. 5276 (CBM).
United States District Court, S.D. New York.
August 29, 1995.

*343 *344 *345 MEMORANDUM OPINION ON DEFENDANTS' MOTION TO DISMISS
MOTLEY, District Judge.

I. Background
This action has been brought by several employee benefit trust funds ("the funds") seeking contributions owed to the funds for work performed by the employees of the corporate defendants. Plaintiff labor organization seeks unpaid wages under the collective bargaining agreements. (¶ 1)[1] The principal claim alleges violations of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001 et seq. (¶ 11) Defendant De-Con Mechanical Contractors, ("Mechanical") was required by the terms of the collective bargaining agreement to contribute funds for each hour worked by an employee to the Funds. (¶ 12). Plaintiffs claim that Mechanical has not made these required contributions to the Funds since 1988 and has failed to file accurate reports pertaining to these contributions. (¶ 14). Therefore, plaintiffs are seeking the owed contributions to the Funds, interest, liquidated damages, and attorneys fees, audit fees and costs. (¶ 17).
Secondly, plaintiffs lodge this claim against De-Con Plumbing Inc., ("Plumbing") because plaintiffs allege that Plumbing is the alter ego of Mechanical. (¶ 19). Due to its being the alter ego, Plumbing was also under an obligation to make contributions to the Funds which it failed to do. (¶ 21).
Plaintiffs have also made claims for unpaid contractual wages under the collective bargaining agreement, (¶ 26), a claim for union dues which should have been deducted from employee wages (¶ 34), for an audit and accounting of defendants' books and records (¶ 38), and to enjoin future violations of the collective bargaining agreement (¶ 56).
Defendants Mechanical, Plumbing, Joseph Deglomini and Michael Contillo ("defendants") have moved to dismiss plaintiffs' fourth, seventh and eighth counts of the complaint pursuant to Rules 12(b)(6) and Rule 9(b). In the fourth count of the complaint plaintiffs plead fraud against Plumbing and Mechanical, in the seventh count plaintiffs allege a violation of the Racketeer Influenced Corrupt Organizations Act, 18 U.S.C. § 1961 et seq., ("RICO"), and the eighth count alleges fraud under ERISA perpetrated by the individual defendants, Contillo and Deglomini. Defendants assert these claims should be dismissed because plaintiffs have failed to: (1) state a claim under RICO, and; (2) failed to plead a predicate criminal act of fraud with the requisite particularity required by Rule 9(b). As discussed below, defendants are correct that plaintiffs have failed to adequately plead the RICO claim and fraud claims against them. Therefore, this court grants defendants' motion dismissing plaintiffs' fourth, seventh, and eighth claims of the complaint.

II. The Standard For Dismissal Under Rule 12(b)(6)
A motion to dismiss pursuant to Rule 12(b)(6) should be granted only if it appears beyond doubt that plaintiffs can prove no set of facts in support of their claims which would entitle them to relief. Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); Mills v. Polar Molecular Corp., 12 F.3d 1170, 1174 (2d Cir. 1993); Goldman v. Belden, 754 F.2d 1059, 1065 (2d Cir.1985); Seagoing Uniform Corp. v. Texaco, Inc., 705 F.Supp. 918, 927 (S.D.N.Y.1989). Therefore, on a motion to *346 dismiss, all factual allegations of the complaint must be accepted as true, Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232-33, 81 L.Ed.2d 59 (1984); Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir.) cert. denied, ___ U.S. ___, 115 S.Ct. 117, 130 L.Ed.2d 63 (1994); Frasier v. General Elec. Co., 930 F.2d 1004, 1007 (2d Cir. 1991), and all reasonable inferences must be made in plaintiffs' favor. Cosmas v. Hassett, 886 F.2d 8, 11 (2d Cir.1989); D'Orange v. Feely, 877 F.Supp. 152, 157 (S.D.N.Y.1995); Meilke v. Constellation Bancorp, No. 90-3915, 1992 WL 47342, at *1 (S.D.N.Y. Mar. 4, 1992). "The court's function on a Rule 12(b)(6) motion is not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d at 1067 (citation omitted).

III. Plaintiffs Have Failed to State a Valid Fraud Causes of Action Against the Defendants
Plaintiffs' fourth claim for relief alleges common law fraud by all four defendants. Plaintiffs claim that the defendants had a duty prescribed by the collective bargaining agreement to report each month to the Industry Board on each employee, the amount of hours worked, and what payments were made. Plaintiffs assert that defendants' failure to fulfill these requirements was willful and intentional and that this amounted to misrepresentations which plaintiffs relied upon to their detriment. However, plaintiffs do not specify which reports were inaccurate or any employees which were left off the list in the reports. (¶¶ 31-32). The complaint is also silent as to why defendants Deglomini and Contillo are "responsible" for the reports and how the claimed inaccuracies are "knowing" and "with the intent to defraud". (¶¶ 49-54)
Fraud must be pled with particularity under Rule 9(b) of the Federal Rules of Civil Procedure. Wexner v. First Manhattan Co., 902 F.2d 169, 172 (2d Cir.1990); Kuczynski v. Ragen Corp., 732 F.Supp. 378, 383 (S.D.N.Y.1989). Rule 9(b) must be construed in light of Rule 8, which requires a short, plain statement of the facts upon which a claim is based. Ouaknine v. MacFarlane, 897 F.2d 75, 79 (2d Cir.1990); Grunwald v. Bornfreund, 668 F.Supp. 128 (E.D.N.Y.1987). In ruling on a motion to dismiss under Rule 9(b), "the court must read the complaint generously, and draw all inferences in favor of the pleader." Cosmas v. Hassett, 886 F.2d 8, 11 (2d Cir.1989). The court must deny a motion to dismiss under Rule 9(b) as long as some of the allegations of fraud are adequate. Norstar Bank v. Pepitone, 742 F.Supp. 1209, 1213 (E.D.N.Y. 1990); Morrow v. Black, 742 F.Supp. 1199, 1205 n. 16 (E.D.N.Y.1990).
Rule 9(b) is satisfied if the complaint gives enough information to enable defendants to frame a responsive pleading and assures that a sufficient basis exists for the allegations made. Epstein v. Haas Secur. Corp., 731 F.Supp. 1166, 1180 (S.D.N.Y. 1990); Rich-Taubman Assocs. v. Stamford Restaurant Operating Co., 587 F.Supp. 875, 880 (S.D.N.Y.1984). Allegations of fraud based on information and belief are insufficient unless they include a statement of facts on which the belief is founded. DiVittorio v. Equidyne Extractive Industries, Inc., 822 F.2d 1242, 1248 (2d Cir.1987); Luce v. Edelstein, 802 F.2d 49, 54 n. 1 (2d Cir.1986); Segal v. Gordon, 467 F.2d 602, 608 (2d Cir. 1972). A claim for mail or wire fraud must specify the content, date, and place of any alleged misrepresentations, and the identity of the persons making them. Wexner v. First Manhattan Co., 902 F.2d 169, 172 (2d Cir.1990); DiVittorio, 822 F.2d at 1247; Kuczynski, 732 F.Supp. at 383. However, the complaint need not specify the time, place and content of each mail communication where the nature and mechanics of the underlying scheme is sufficiently detailed, and it is enough to plead the general content of the misrepresentation without stating the exact words used. Landy v. Mitchell Petroleum Technology Corp., 734 F.Supp. 608 (S.D.N.Y.1990); Connors v. Lexington Ins. Co., 666 F.Supp. 434 (E.D.N.Y.1987); Beth Israel Medical Center v. Smith, 576 F.Supp. 1061 (S.D.N.Y.1983). Plaintiffs must also specifically allege the manner in which they relied on the fraud to their detriment. Morin v. Trupin, 711 F.Supp. 97, 111 (S.D.N.Y. 1989).
While the circumstances of fraud must be pled specifically, fraudulent intent *347 may be averred generally, as long as the complaint provides a factual basis that gives rise to a strong inference of intent to defraud, knowledge of the falsity, or a reckless disregard for the truth. Ouaknine v. MacFarlane, 897 F.2d 75, 80 (2d Cir.1990); Cosmas v. Hassett, 886 F.2d 8, 12-13 (2d Cir.1989); Beck v. Manufacturers Hanover Trust Co., 820 F.2d 46, 50 (2d Cir.1987), cert. denied, 484 U.S. 1005, 108 S.Ct. 698, 98 L.Ed.2d 650 (1988). Fraudulent intent is commonly pled by alleging facts showing a motive for committing fraud and a clear opportunity for doing so. Morrow v. Black, 742 F.Supp. 1199 (E.D.N.Y.1990); Connors v. Lexington Ins. Co., 666 F.Supp. 434, 451 (E.D.N.Y.1987) (citing Beck, 820 F.2d at 50). Where no motive is apparent, fraudulent intent may be shown by identifying factual circumstances that indicate conscious behavior by the defendant. Atlantic Gypsum Co. v. Lloyds Int'l Corp., 753 F.Supp. 505 (S.D.N.Y.1990). However, where factual allegations of motive are lacking, the burden of pleading circumstantial allegations of conscious misconduct is greater. Grunwald v. Bornfreund, 668 F.Supp. 128, 133 (E.D.N.Y. 1987).
Plaintiffs are also required under Rule 9(b) to connect the allegations of fraud to each individual defendant. Luce, 802 F.2d at 54; Landy, 734 F.Supp. at 620. A complaint sounding in fraud may not rely on sweeping references to acts by all or some of the defendants because each named defendant is entitled to be apprised of the facts surrounding the alleged fraud. Brew v. Philips, Appel & Walden, Inc., [1981 Transfer Binder] Fed.Sec.L.Rep. (CCH) ¶ 97,865 at 90,362, 1981 WL 1598 (S.D.N.Y.1981). Plaintiffs must demonstrate that each Defendant had a specific intent to defraud either by devising, participating in, or aiding and abetting the scheme. Morrow v. Black, 742 F.Supp. 1199, 1205 (E.D.N.Y.1990); Connors v. Lexington Insurance Co., 666 F.Supp. 434 (E.D.N.Y.1987). General allegations that the defendants "conspired" in the scheme do not sufficiently attribute responsibility for fraud to each individual defendant. Morin v. Trupin, 711 F.Supp. 97, 111 (S.D.N.Y.1989).
The complaint, as we have it here, fails to meet the requirements of Rule 9(b) in several respects. The complaint is conspicuously lacking in stating any particulars as to a specific instance of fraud. It fails to allege the date or dates of any allegedly false report, the name or names of any allegedly omitted employee, or anything else to identify the so called fraud. Plaintiffs are not helped by their argument that many of the facts cannot be known until an audit has been taken because there are no facts alleged supporting a strong inference that misstatements or omissions occurred. The court is left to guess at why plaintiffs even allege fraud.
Furthermore, plaintiffs do not allege facts which give rise to a strong inference of fraudulent intent. Even if there was an underpayment or an omission from any documents given to plaintiffs, plaintiffs needed to state facts which would support the inference that such underpayment or omission was deliberate. Plaintiffs have neglected to do so. The complaint gives no clue or indication as to the frequency of the alleged underpayments, to whether there was a pattern, or if the individuals involved knew of the underpayments. Although plaintiffs claim that Plumbing is the alter ego of Mechanical, plaintiffs do not specify where the fraud occurred. They do not give any facts which could suggest that Plumbing was created to circumvent the collective bargaining agreement or why Plumbing was created at all. Instead, plaintiffs make conclusory allegations of it being the alter ego without even establishing the degree of common ownership, facilities, or business purposes. In fact, even if Plumbing were the alter ego of Mechanical this is not sufficient standing alone to support an allegation of fraud. See, e.g., Carpenters Local Union No. 1846 v. Pratt-Farnsworth, 690 F.2d 489 (5th Cir.1982), cert. den. 464 U.S. 932, 104 S.Ct. 335, 78 L.Ed.2d 305 (1983).
Therefore, for all the above reasons, plaintiffs' fourth claim of relief is dismissed for failure to meet the requirements of Rule 9(b).

IV. Plaintiffs' Claim for Fraud under ERISA fails to State a Claim
This claim which is against defendants Deglomini and Contillo attempts to state a claim for fraud under ERISA. It alleges that these defendants conspired to *348 defraud the Funds by forming an alter ego and failing to make the proper contributions to the Funds and concealing these facts. (¶ 51). Plaintiffs attempt to rely on the fact that defendants have been criminally indicted on the theory that they defrauded the Funds of contributions to maintain the vitality of their claim. However, the claim must meet the requirements of Rule 9(b). With respect to pleading facts as to the roles of the individual defendants in the alleged fraud, the complaint is virtually silent. The complaint only states that Deglomini and Contillo "as controlling officer[s] were responsible for the direct reporting and payment of fringe benefit contributions and wages to and on behalf of employees." (¶¶ 9-10). Plaintiffs go on to state that Contillo and Deglomini conspired to defraud the Funds by forming the alter ego, Plumbing. Fatally, the complaint does not state the specific misstatements or omissions by each of these individuals nor does it state how the fraud was carried out.
Furthermore, the Second Circuit and four other circuits have now ruled that an individual is not liable for corporate ERISA obligations solely by virtue of his role as officer, shareholder, or manager. See Sasso v. Cervoni, 985 F.2d 49, 50 (2d Cir.1993); International Brotherhood of Painters v. George A. Kracher, Inc., 856 F.2d 1546, 1547-48 (D.C.Cir.1988); Massachusetts Laborers' Health and Welfare Fund v. Starrett Paving Corp., 845 F.2d 23, 25-26 (1st Cir.1988); Solomon v. Klein, 770 F.2d 352, 354 (3d Cir. 1985); Operating Engineers Pension Trust v. Reed, 726 F.2d 513, 515 (9th Cir.1984). Although the defendants have been indicted, they have not been convicted of engaging in a criminal conspiracy to defraud the Funds owed contributions as was the case in Leddy v. Standard Drywall, Inc., 875 F.2d 383, 387 (2d Cir.1989). Therefore, without alleging more specific facts, there is no basis to support a claim for fraud under ERISA. Plaintiffs are hanging their collective hats solely on the fact that the defendants have dominant roles in the affairs of the corporate employers.

V. Plaintiffs Have Failed to State a RICO Cause of Action against the Defendants
To establish a cause of action under RICO, a plaintiff must allege seven distinct elements:
(1) that the defendant (2) through the commission of two or more acts (3) constituting a "pattern" (4) of "racketeering activity" (5) directly or indirectly invests in, or maintains an interest in, or participates in (6) an "enterprise" (7) the activities of which affect interstate or foreign commerce.
Moss v. Morgan Stanley, Inc., 719 F.2d 5 (2d Cir.1983), cert. denied, 465 U.S. 1025, 104 S.Ct. 1280, 79 L.Ed.2d 684 (1984); In re Integrated Resources, 850 F.Supp. 1105 (S.D.N.Y.1993).
Defendants first challenge concerns the requirement that plaintiffs satisfy the RICO "pattern" requirement. According to the Supreme Court, to establish a "pattern" of racketeering, a plaintiff must show predicate acts that, first, are related to each other, and, second, "constitute a threat of [] continuing racketeering activity." H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 240, 109 S.Ct. 2893, 2901, 106 L.Ed.2d 195 (1989) (emphasis in original). Explaining the second requirement further, the Court noted that "`[c]ontinuity' is both a closed- and open-ended concept, referring either to a closed period of repeated conduct, or to past conduct that by its nature projects into the future with a threat of repetition." Id. at 241, 109 S.Ct. at 2902. See also United States v. Kaplan, 886 F.2d 536, 542-43 (2d Cir.1989), cert. denied, 493 U.S. 1076, 110 S.Ct. 1127, 107 L.Ed.2d 1033 (1990). While specifically declining to define a precise rule, the H.J. Court stated that "[p]redicate acts extending over a few weeks or months and threatening no future criminal conduct do not satisfy this requirement." Id. at 242, 109 S.Ct. at 2902.
Courts in the Second Circuit have defined a minimum range of time needed to show close-ended continuity. In Metromedia Co. v. Fugazy, 983 F.2d 350, 369 (2d Cir.1992), cert. denied, ___ U.S. ___, 113 S.Ct. 2445, 124 L.Ed.2d 662 (1993), the court stated that "[t]hough there is no bright line test for determining precisely what period of time is `substantial' for purposes of finding the continuity necessary to establish a RICO pattern, *349 .... [p]eriods of 19 or 20 months, however, have been held sufficient...." In Continental Realty Corp. v. J.C. Penney Co., 729 F.Supp. 1452, 1454-55 (S.D.N.Y.1990), the court held that a period of over one year was insufficient to demonstrate close-ended continuity. See also In re American Express Co. Shareholder Litig., 840 F.Supp. 260, 265-66 (S.D.N.Y.1993) (holding period of slightly under one year insufficient), aff'd, 39 F.3d 395 (1994). Moreover, courts in this Circuit have held that in measuring the period of time in question "[c]onduct with only a tenuous relationship to the RICO predicate acts" should be disregarded. Id. at 264. See also United States v. Biaggi, 909 F.2d 662, 686-87 (2d Cir.1990), cert. denied, 499 U.S. 904, 111 S.Ct. 1102, 113 L.Ed.2d 213 (1991).
Given the deficiencies in the complaint, plaintiffs have merely alleged the violation of four criminal statutes without giving the underlying facts and circumstances of the activity, the court cannot determine the relationship of the acts to each other or threat of continuity. Plaintiffs' attempted RICO claim looks like a simple breach of contract claim against the defendants for not making contributions to the Funds. The failure to demonstrate the relatedness and threat of continuity of the predicate acts necessitate the dismissal of the RICO claim.
Defendants' second challenge to plaintiffs' RICO claim is that plaintiffs' claim that defendant Plumbing is the person and the enterprise. Courts in this Circuit have made a well established rule that the RICO "person" and the RICO "enterprise" must be distinct. Bennett v. United States Trust Co. of New York, 770 F.2d 308 (2d Cir.1985), cert. denied, 474 U.S. 1058, 106 S.Ct. 800, 88 L.Ed.2d 776 (1986); Jacobson v. Cooper, 882 F.2d 717 (2d Cir.1989); Official Publications, Inc. v. Kable News Co., 884 F.2d 664 (2d Cir.1989). Therefore, plaintiffs' RICO claim is defective on this ground as well and must be dismissed.
Finally, where, as here, defendants are charged with fraudulent conduct as a predicate act under RICO, i.e. mail fraud, these pleadings must satisfy the requirements of Rule 9(b). Ouaknine v. MacFarlane, supra at 79, DiVittorio, supra at 1247. As these requirements were discussed fully in an earlier section of this opinion, the court will simply address the failings of plaintiffs' RICO claim without another full discussion of the relevant law. In their RICO claim, plaintiffs charge that defendants engaged in mail fraud. When pleading a mail fraud violation, the plaintiff must also allege (1) participation in a scheme to defraud, (2) knowing use of the interstate mails in furtherance of the scheme, and (3) culpable participation by the defendant. In re Integrated, supra. In the complaint plaintiffs state in paragraph 44:
44. In furtherance of the enterprise and for the purpose of reaping financial gain at the expense of Plaintiffs, Defendants did on two or more occasions knowingly cause letters and other mailable matters through the United States Mail, all as prohibited by 18 U.S.C. § 1341.
This claim completely falls short of the requirements of Rule 9(b). No where is it stated which defendants did what acts, which ones knew what, or what the criminal scheme or enterprise was. In sum, vague and conclusory allegations such as these cannot defeat a motion to dismiss.

Conclusion
For all the above stated reasons, plaintiffs' fourth, seventh, and eighth claims for relief are dismissed without prejudice. As is customary after an initial dismissal under Rule 9(b), plaintiffs are granted leave to replead these claims and any fraudulent conduct attributable to these defendants if further pleading, in good faith, can establish violations of at least two predicates by each defendant under the standards set forth in this opinion. See Luce, 802 F.2d at 56-57.
For all of the reasons stated in the accompanying opinion, defendants' motion to dismiss the fourth, seventh, and eighth claims of the complaint is granted without prejudice to the plaintiffs' filing an amended complaint. Any such amended complaint shall be filed with the court no later than September 29, 1995. Any answer to such amended complaint *350 shall be filed with the court no later than ten days thereafter.
SO ORDERED.
NOTES
[1] References to relevant paragraphs in the Complaint are cited to as "(¶ ____.")