15-2547(L)
King v. Wang

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 26th day of August, two thousand sixteen.

Present:    ROSEMARY S. POOLER,
            GERARD E. LYNCH,
            SUSAN L. CARNEY,
                  *Circuit Judges.*

_____

KENNETH KING, YIEN-KOO KING,

                  *Plaintiffs-Appellants-Cross-Appellees*,

            v.                                      15-2547(L);
                                                    15-2640(XAP)

SHOU-KUNG WANG, ANDREW WANG, JIAN BAO GALLERY,
BAO WU TANG,

                  *Defendants-Appellees-Cross-Appellants,*

YUE DA-JIN, CHEN MEI-LIN, WEI ZHENG, YE YONG-QING,
ANTHONY CHOU, JOHN DOES, 1-9,

                  *Defendants-Appellees.*
_____

Appearing for Appellants:    Sam Peter Israel, New York, NY.

Appearing for Appellees:    Carolyn Shields, Liu & Shields, LLP, Flushing, NY.

Appeal from the United States District Court for the Southern District of New York (Keenan, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED** in part and **VACATED** and **REMANDED** in part.

Kenneth King and Yien-Koo King appeal from the July 13, 2015 opinion and order of the United States District Court for the Southern District of New York (Keenan, *J.*) dismissing their complaint. Shou-Kung Wang, Andrew Wang, Jian Bao Gallery, and Bao Wu Tang appeal from the same order's refusal to dismiss the complaint for lack of subject matter jurisdiction by virtue of the probate exception. *King v. Wang*, No. 14 Civ. 7694 JFK, 2015 WL 4207076 (S.D.N.Y. July 13, 2015). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

In their cross appeal, defendants argue that the district court lacked subject matter jurisdiction over the RICO claims in this case based on the probate exception. To determine whether a case falls within the probate exception we must assess: (1) whether the action requires "the probate or annulment of a will [or] the administration of a decedent's estate;" and (2) whether the action requires the court "to dispose of property that is in the custody of a state probate court." *Marshall v. Marshall*, 547 U.S. 293, 311–12 (2006); *see also Lefkowitz v. Bank of N.Y.*, 528 F.3d 102, 106 (2d Cir. 2007) ("Following *Marshall* . . . so long as a plaintiff is not seeking to have the federal court administer a probate matter or exercise control over a res in the custody of a state court, if jurisdiction otherwise lies, then the federal court may, indeed must, exercise [jurisdiction]."). Post-*Marshall*, the probate exception is to be construed narrowly, such that unless a federal court is endeavoring to (1) probate or annul a will, (2) administer (or invalidate the administration of) an estate, or (3) assume in rem jurisdiction over property that is in the custody of the probate court, the probate exception does not apply. *Lefkowitz*, 528 F.3d at 105-06. We agree with the district court that the RICO claims raised here "are exactly the type of probate-related claims that *Marshall* permits federal courts to address." *King*, 2015 WL 4207076, at *5.

Plaintiffs argue that the district court erred in dismissing their RICO claims for failure to adequately plead closed-end continuity. To adequately plead a pattern of racketeering activity, a "plaintiff must plead at least two predicate acts, and must show that the predicate acts are related." *GICC Capital Corp. v. Tech. Fin. Grp., Inc.*, 67 F.3d 463, 465 (2d Cir. 1995) (citation omitted). In addition, plaintiffs must plead the predicate acts "amount to, or pose a threat of, continuing criminal activity," the "so-called 'continuity' requirement." *Id.* "Thus, a plaintiff in a RICO action must allege either an 'open-ended' pattern of racketeering activity (*i.e.*, past criminal conduct coupled with a threat of future criminal conduct) or a 'closed-ended' pattern of racketeering activity (*i.e.*, past criminal conduct 'extending over a substantial period of time')." *Id.* at 465.

We agree with plaintiff that the complaint adequately pleads closed-ended continuity. In *GICC*, our Court identified a number of "non-dispositive factors, including, *inter alia*, the length of time over which the alleged predicate acts took place, the number and variety of acts, the number of participants, the number of victims, and the presence of separate schemes." *Id.* at 467. The pattern of racketeering activity here is alleged to have begun in 2003, when Andrew Wang tried to persuade Yien-Koo King to turn over assets in exchange for artwork of hers that he had misappropriated. The two most recent predicate acts alleged in the complaint occurred on June 3, 2010, when the complaint alleges that defendants auctioned off two unlawfully acquired paintings. In *Jacobson v. Cooper,* 882 F.2d 717 (2d Cir. 1989), our Court found that a "pattern of racketeering activity" existed where the complaint principally asserted that two codefendants wrongfully failed to account for the income and proceeds derived through their management and sale of certain real property, constituting an enterprise, with which they had been entrusted by the plaintiff. *Id.* at 718. Continuity existed because the "'related predicates extended over a substantial period of time . . . here a matter of years, from 1980 until the filing of this action [in 1989]. " *Id*. at 720 (alteration and internal quotation marks omitted). The duration of that scheme was quite comparable to that alleged here.

In dismissing the complaint, the district court also noted that the plaintiffs lacked standing to bring at least some of their claims because a number of the paintings in question were owned not by them but by corporations that plaintiffs, in turn, owned. That is true, but could be easily cured by amending the complaint to add the real parties in interest as plaintiffs. Accordingly, on remand, the district court is directed to allow plaintiffs to file an amended complaint. If plaintiffs plead any state law claims, the district court should consider whether it may exercise jurisdiction consistent with the probate exception over those claims. We have considered the remainder of arguments raised in both appeals and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED in part and VACATED and REMANDED in part. Each side to bear its own costs.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3